946 F.2d 887
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED CAROLINA BANK, Plaintiff-Appellee,
v.
Donald C. CARMAN, Oceana Corporation, a South Carolina
Corporation, Lexington Oil Corporation, a Delaware
Corporation, Defendants-Appellants.
Willard A. Sullivan, Appellee,
and
Emma Lou Carman, his wife, D.C. Industries, a Corporation,
Defendants.
In re Willard A. SULLIVAN, Appellant.
The UNITED CAROLINA BANK, Plaintiff-Appellee,
v.
Donald C. Carman, Emma Lou Carman, his wife; OCEANA
Corporation, a South Carolina Corporation,
Lexington Oil Corporation, a Delaware
Corporation, D.C. Industries,
a Corporation, Defendants.
 No. 90-1830.
 United States Court of Appeals, Fourth Circuit.
 Argued July 9, 1991.
Decided Oct. 8, 1991.
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CA-85-1481-2)
 Argued: Christine Ann Machel, William E. Watson & Associates, Wellsburg, W.Va., for appellants.
 Willard Sullivan, Charleston, W.Va., for appellant.
 David Dale Johnson, III, Spilman, Thomas, Battle & Klostermeyer, Charleston, W.Va., for appellee.
 D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 United Carolina Bank initiated this action in state court to collect on promissory notes which it held. The case was removed to federal court and the defendants, with the advice of their attorney, Willard A. Sullivan, filed an answer and a counterclaim which sought $5 million in compensatory damages and the net worth of the bank (estimated by defendants to be in excess of $1 billion) in punitive damages for creating "a financial crisis for defendants." The defendants relied, among other grounds, on the RICO statute, 18 U.S.C. § 1961. After various amendments were made to the pleadings and some discovery was pursued, the bank filed a motion for summary judgment. The district court granted the motion, awarding the bank the amounts claimed on the notes and dismissing the counterclaims as baseless. Even after that judgment, the defendants, or some of them, continued to press their claims, including post-trial motions and two appeals to this court.
 
 
 2
 When all motions and appeals were denied, the bank filed a motion for sanctions against defendants for having to defend against the meritless defenses pleaded in the answer and the counterclaim. The district court granted the motion against two corporations, their principal, and Willard A. Sullivan, their attorney, and denied the motion against the other defendants. The defendants and Willard A. Sullivan have appealed, Sullivan representing himself and the remaining appellants represented by new counsel.
 
 
 3
 We have reviewed the record carefully, considered the arguments of the parties and counsel, and studied the decision of the district court. Finding the arguments of appellants without merit, we affirm the judgment of the district court for the reasons given by the district court in its well-considered opinion. United Carolina Bank v. Carman, et al., Civil Action No. 2:85-1481 (S.D.W.Va. Aug. 2, 1990). J.A. 387-416.
 
 
 4
 AFFIRMED.